## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY TATUM,

       Plaintiff,

v.                                                    Case No. 24-cv-1183-NJR

C/O CRIAGE, C/O REED, C/O JOHN
DOE #1, LT. AUSTIN, KELLY BEAL,
LT. CHRISTAN, WARDEN
GALLOWAY, SGT. STROUD, and
SGT. PILLOT,

       Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bobby Tatum, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On April 29, 2024, Tatum filed a Complaint alleging that his First and Eighth Amendment rights were violated by Defendants. On May 15, 2024, Tatum filed an Amended Complaint alleging violations of his First, Eighth, and Fourteenth Amendment rights.[1]

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] The Amended Complaint is now the operative pleading, and the Court will conduct a preliminary review of only the claims raised in the amended pleading. Tatum's original Complaint failed to provide enough factual allegations to put the defendants on notice of the claims against them. He simply referred to allegations he raised in another of his pending cases and stated that his rights were violated in the manner set forth in the Court's Order in that case.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Tatum makes the following allegations: On August 6, 2023, Tatum walked past Warden Galloway on his way to lunch (Doc. 11, p. 8). He overheard Galloway say that he was going to make Tatum pay for filing lawsuits against staff (*Id.*). Upon returning to his cell from lunch, officers came to Tatum's cell and told him that he was being moved to another cell in Cellhouse 2, on the warden's orders (*Id.*). Tatum believes that the transfer was in retaliation for filing grievances and lawsuits against Galloway's staff at Shawnee (*Id.* at p. 7).

Upon arriving at his new cellhouse, Sergeant Pillot and Correctional Officer ("C/O") Criage informed Tatum that Galloway directed them to "kick your butt" for filing grievances and lawsuits (*Id.*). The officers then grabbed his cuffed wrists and tried to break them (*Id.*). They also ran his forehead into a glass window, knocking Tatum unconscious (*Id.*). Tatum alleges an unknown John Doe officer failed to intervene. After the assault, Pillot and Criage wrote a false disciplinary ticket in violation of Tatum's due process rights, and he was deprived of a fair hearing (*Id.*).

Directly after the assault, the officers called Lieutenant Austin and Lieutenant Christan (*Id.* at pp. 8-9). Tatum alleges that he was just standing in the cellhouse, cuffed, and bleeding (*Id.*). Tatum's pants had also fallen down, or were pulled down during the

2

earlier assault, and his genitals and buttocks were visible to all of the inmates in the cellhouse (*Id*. at p. 9). He asked Austin and Christan to pull up his pants, but they refused and walked him down the gallery exposed to all of the inmates in the cellhouse (*Id*.). Christan and Austin also informed Tatum that they were on orders from Galloway to kill Tatum due to his numerous grievances and lawsuits (*Id*.). They then pulled his arms backwards in an attempt to break his shoulders and dropped him face first on the ground, causing his nose to bleed (*Id*.). Tatum again blacked out from his injuries (*Id*.).

While Tatum was unconscious, he alleges that Lieutenant Beal, Austin, and Christan sexually assaulted him with a stick, causing tears and bleeding (*Id*.). Although he begged the officers to stop, they refused and yelled at the inmates on the gallery, telling them that this is what happens to inmates who file grievances and lawsuits (*Id*.). Tatum alleges C/O Reed failed to intervene in the assault and then denied Tatum a fair disciplinary hearing when she heard a ticket on the incident (*Id*.). He alleges that both C/O Reed and Lieutenant Bradford found him guilty of refusing to cuff-up (*Id*. at p. 10).

After the sexual assault, Sergeant Stroud helped the other officers place Tatum in a segregation holding cell. Stroud slammed Tatum's face into the holding cell window causing additional pain and injuries (*Id*. at p. 10). Stroud stated that he had been ordered by Beal, Christan, Austin, and Warden Galloway to attack Tatum because he filed grievances and lawsuits (*Id*.).

A nurse later approached Tatum's cell, but Lieutenant Beal told the nurse to leave the cellhouse and to not treat Tatum (*Id*. at p. 10). Tatum also alleges that Beal chose a cell

that was covered in blood and feces (*Id*.). The smell caused Tatum's eyes to burn (*Id*.). The cell was also covered in mold, and the windows were broken (*Id*.).

Tatum alleges that he wrote grievances about the attacks and retaliation efforts of the officers, but Administrative Review Board chairperson Marget Madole denied his grievance (*Id*. at p. 6). He alleges her actions aided the defendants in their retaliation campaign and failed to protect Tatum from future assaults (*Id*.). She also failed to provide him with medical care (*Id*.). He alleges that Rob Jeffreys also had the power to help Tatum after the assault but denied his grievances, thereby denying him medical treatment for his injuries (*Id*.). He alleges that denial also left Tatum vulnerable to future attack. Tatum alleges Jeffreys was aware of the conditions at Shawnee but continued to place inmates like Tatum at the prison.

## Preliminary Dismissals

As an initial matter, Tatum fails to properly identify Lieutenant Bradford, Marget Madole, and Rob Jeffreys in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Even if Tatum had properly identified these defendants in the case caption, he fails to state a claim against them. Tatum alleges that Madole and Jeffreys denied his grievances regarding the assault and his access to medical care after the assault. But these officials cannot be liable for simply responding to or denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). There are no allegations to

4

suggest that they were aware of the assault at the time or could have acted to protect Tatum from the assault. Thus, any claim against the grievance officials, including for failure to protect or failure to obtain medical care for Tatum, are **DISMISSED without prejudice**.

Tatum also fails to state a claim against Lieutenant Bradford. He alleges that Bradford and Reed violated his due process rights when they acted as impartial decision makers and found him guilty on the charges stemming from the assault. Tatum alleges the hearing officers attempted to cover up the other officers' actions. Although an impartial decision maker can amount to a due process violation, Tatum fails to allege that he was deprived of a protected liberty interest. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Tatum fails to allege what punishment, if any, he received from the finding of guilt. Without more, Tatum fails to allege that he was deprived of a protected liberty interest. Thus, any potential due process claim is **DISMISSED without prejudice**.

In addition to his due process claim against Reed, Tatum also alleges that Reed failed to protect him from the assault. But Tatum only states in conclusory fashion that Reed failed to intervene. He fails to allege that she was present or knew about the assault at the time and "had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). Similarly, Tatum fails to allege that an unnamed officer was present or had an opportunity to prevent the assault from occurring. He merely states the officer failed to intervene. Thus, Tatum's claims against Reed and the John Doe Officer are **DISMISSED without prejudice**.

5

Further, to the extent that he alleges the other defendants violated his due process rights by issuing the allegedly false disciplinary ticket, Tatum fails to state a claim. The receipt of a false disciplinary ticket does not amount to a due process violation. *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citations omitted); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:**   **First Amendment claim against Galloway, Pillot, Criage, Austin, Christan, Beal, and Stroud for assaulting Tatum in retaliation for Tatum filing grievances and lawsuits.**

> **Count 2:**   **Eighth Amendment excessive force claim against Galloway, Pillot, Criage, Austin, Christan, Beal, and Stroud for the August 6, 2023 assault on Tatum.**

> **Count 3:**   **Eighth Amendment condition of confinement claim against Beal for placing Tatum in an unsanitary cell after the assault.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Tatum states viable claims in Counts 1 and 2 for the assault by Defendants Pillot, Criage, Austin, Christan, Beal, and Stroud. He also properly alleges that the assault was committed at the direction of Warden Galloway in retaliation for Tatum filing grievances and lawsuits against staff at the prison. Tatum also states a claim in Count 3 against Beal for the conditions of his cell because he alleges that the cell was covered in feces, blood, and mold.

## Pending Motions

In addition to his Amended Complaint, Tatum recently filed an Emergency Motion for Temporary Restraining Order, Preliminary Injunction (Doc. 7). He requests release from prison and to be placed on house arrest. He alleges that he reported the sexual assault and harassment that occurred at Shawnee and now fears retaliation. He also submitted a grievance about the event but has failed to receive any relief (*Id.* at p. 2). But the assault appears to have occurred in August 2023, and there are no allegations to suggest that his life is currently in danger. He alleges that a number of officers involved in the assault have retired (Doc. 7, p. 2) and there are no allegations to suggest he is currently facing threats from the defendants in this case. Thus, his motion is **DENIED**.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Galloway, Pillot, Criage, Austin, Christan, Beal, and Stroud. Count 3 shall proceed against Beal. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Tatum. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Tatum, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Tatum, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Tatum is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 17, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**