IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| BOBBY TATUM, K69478, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-1183-RJD |
| v. | ) | |
| | ) | |
| DONALD CRAIG, BILLY AUSTIN, | ) | |
| DARREN GALLOWAY, KELLEY BEAL, | ) | |
| SETH PLOTT, CHRISTOPHER SHERROD, | ) | |
| and WILLIAM CHRISTOPHER, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on multiple motions by the parties. Plaintiff, currently incarcerated with the Illinois Department of Corrections and housed at Shawnee Correctional Center, filed this lawsuit pro se and in forma pauperis. He alleges that various correctional officers at Shawnee physically and sexually assaulted him on August 6, 2023 in retaliation for filing grievances and lawsuits. Following the Court's preliminary review of Plaintiff's First Amended Complaint (Doc. 11) conducted pursuant to 28 U.S.C. §1915, Plaintiff proceeded on the following claims:

Count 1: First Amendment claim against Defendants Craig, Austin, Galloway, Beal, Plott, Sherrod, and Christopher for assaulting Plaintiff in retaliation for his lawsuits and grievances.

Count 2: Eighth Amendment excessive force claim against Defendants Craig, Austin, Galloway, Beal, Plott, Sherrod, and Christopher for the August 6, 2023 assault on Plaintiff.

Count 3: Eighth Amendment condition of confinement claim against Beal for placing Plaintiff in an unsanitary cell after the assault.

**Plaintiff's Motion for Status (Doc. 61)**

On August 22, 2024, the Court ruled on two pending motions filed by Plaintiff. Doc. 60. The next day, the Court received a Motion for Status via U.S. Postal Service from Plaintiff, inquiring about the status of those two motions. Doc. 61. The Motion for Status is DENIED AS MOOT, as the Court has ruled on those motions (Docs. 53 and 54) and presumes that Plaintiff has since received the Order.

**Plaintiff's Motion to Amend the Complaint and for Emergency TRO, Preliminary Injunction, and Hearing (Doc. 62)**

Plaintiff requests that the Court order his release from prison into house arrest because Defendants' co-workers are retaliating and harassing him, and he believes his life is in danger. Doc. 62, p. 2. The Prison Litigation Reform Act ("PLRA") mandates that any preliminary injunctive relief ordered in this case must be "narrowly drawn, extend no further than necessary to correct the harm…," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626 (a)(2). The Court does not envision any circumstance in which a "narrowly drawn order" in this case could mandate Plaintiff's release from prison and placement under house arrest. Even if Plaintiff requested an injunction that was less intrusive to IDOC's operations, injunctive relief must be related to the underlying issues in the case. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff fails to support his vague assertion that his life is in danger with any details to suggest that harassment and retaliation by non-parties in August 2024 are sufficiently related to Plaintiff's allegations against Defendants regarding physical and sexual assaults on August 6, 2023. Claims regarding harassment and retaliation occurring after August 6, 2023 by non-parties belong in a new case.[1] Accordingly, Plaintiff's requests for an emergency temporary restraining

---

[1] The Court offers no opinion as to whether a new case would survive preliminary review under 28 U.S.C. §1915.

order and preliminary injunction are DENIED.

Plaintiff's request to file a second amended complaint is also DENIED. Leave to amend may be denied if the proposed amended pleading is futile. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 94 F. 4th 588, 607 (7th Cir. 2024). Plaintiff's proposed second amended complaint (Doc. 62-1) does not contain any allegations of wrongdoing by Defendants; it simply lists Defendants' names and also refers to the "video of the brutal sexual assaults on 8-6-2023." Plaintiff includes Lieutenant Bradford and Lieutenant Banks as Defendants, both of whom were previously dismissed without prejudice for Plaintiff's failure to state a claim against them; Plaintiff makes no allegation of wrongdoing regarding Lieutenant Bradford in the proposed second amended complaint. He alleges that Lieutenant Banks "illegally tr[ied] to cover up the criminal and constitutional violations of the defendants" but this statement, by itself, does not sufficiently state a Constitutional or other federal claim.[2] Within the Motion for Leave, Plaintiff gives more details regarding his claims against Defendants (Doc. 62, pp. 4-6), but the Court does not accept piecemeal complaints. Doc. 59. Because Plaintiff's proposed second amended complaint fails to state a claim against any Defendant, Plaintiff's Motion for Leave to file the Second Amended Complaint is DENIED.

**Motion for Status (Doc. 67)**

Plaintiff's request for a status update on this case is GRANTED to the extent this Order rules on pending motions. However, Plaintiff also asks the Court to "do something" about the staff in the mailroom at Shawnee Correctional Center failing to give inmates their legal mail. To

---

[2] Even if the allegation regarding the "cover up" adequately stated a state law claim for negligent spoliation, the undersigned would not exercise supplemental jurisdiction over a state law claim at this early stage with no remaining federal claims. *See Socha v. City of Joliet, Illinois*, 107 F. 4th 700, 715 (7th Cir. 2024).

the extent Plaintiff is seeking injunctive relief, Plaintiff's issues regarding the mail room are not related to the allegations in this lawsuit and therefore this request is DENIED.

**Motion to Appoint Counsel (Doc. 68)**

When presented with a request to appoint counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff provides no indication to the Court that he attempted to obtain counsel on his own. If he had, the Court would next consider whether he appears competent to litigate pro se, considering the complexities of the case. *Id*. This case is currently in the exhaustion stage (Doc. 67) and all that is required of Plaintiff is to explain what he did to exhaust his administrative remedies regarding his allegations. Plaintiff has already exhibited his ability to do so. Doc. 11, p. 4. If this case continues after the exhaustion issue is resolved, Plaintiff may then renew his request for appointment of counsel if he has attempted to obtain counsel on his own.

**Emergency Motion to Compel Discovery and for Status on Motion for Preliminary Injunction (Doc. 70)**

Plaintiff requests that the Court order Defendants to comply with the Initial Scheduling Order requiring Defendants to provide copies of Plaintiff's grievances as part of their Initial Disclosures. Doc. 70. In their Response (Doc. 72), Defendants inform the Court that they postmarked their Initial Disclosures on September 27, 2024, accompanied by a significant number of documents that included Plaintiff's grievance records and in compliance with the Court's Initial Scheduling Order (Doc. 59). Plaintiff's emergency Motion to Compel is dated September 28, 2024. Doc. 70, p. 2. It is not surprising that Plaintiff had not yet received the grievance records and Defendants' Initial Disclosures on September 28 because Defendants mailed them on

September 27.  In light of Defendants' representations that they sent Plaintiff their Initial Disclosures (Doc. 72), Plaintiff's Motion to Compel is DENIED AS MOOT.   Plaintiff is advised that, in the future, he should attempt to confer with defense counsel regarding discovery issues before filing a motion.

Finally, Plaintiff's request for a status update on his Motion for Preliminary Injunction is GRANTED to the extent that this Order denies the Motion for Preliminary Injunction, as discussed above.

**Motion to Stay Dispositive Motion Deadline (Doc. 71)**

The Initial Scheduling Order set a deadline of October 11, 2024 to file dispositive motions regarding Plaintiff's exhaustion of administrative remedies.  Doc. 59.  On that date, Plaintiff's Motion for Leave to file the proposed second amended complaint was still pending; Defendants explain that whether Plaintiff filed new claims in this lawsuit affected Defendants' motion.  Plaintiff's Motion for Leave is denied via this Order.  For their new deadline to file dispositive motions on the issue of exhaustion, Defendants request an additional fourteen days after the Court's denial of the Motion for Leave.  For good cause shown, Defendants' Motion to Stay is GRANTED.  Defendants shall file their dispositive motions regarding exhaustion of administrative remedies on or before November 12, 2024.

**IT IS SO ORDERED.**

**DATED:   October 28, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**