IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY TATUM, K69478, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>DONALD CRAIG, BILLY AUSTIN, )<br>DARREN GALLOWAY, KELLEY BEAL, )<br>SETH PLOTT, CHRISTOPHER SHERROD, )<br>and WILLIAM CHRISTOPHER, )<br>)<br>  Defendants. ) | Case No. 24-cv-1183-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated with the Illinois Department of Corrections and housed at Pinckneyville Correctional Center, filed this lawsuit pro se and in forma pauperis. He alleges that various correctional officers at Shawnee Correctional Center physically and sexually assaulted him on August 6, 2023 in retaliation for filing grievances and lawsuits. Following the Court's preliminary review of Plaintiff's First Amended Complaint (Doc. 11) conducted pursuant to 28 U.S.C. §1915, Plaintiff proceeded on the following claims:

> Count 1: First Amendment claim against Defendants Craig, Austin, Galloway, Beal, Plott, Sherrod, and Christopher for assaulting Plaintiff in retaliation for his lawsuits and grievances.
>
> Count 2: Eighth Amendment excessive force claim against Defendants Craig, Austin, Galloway, Beal, Plott, Sherrod, and Christopher for the August 6, 2023 assault on Plaintiff.
>
> Count 3: Eighth Amendment condition of confinement claim against Beal for placing Plaintiff in an unsanitary cell after the assault.

This matter comes before the Court on multiple motions by the parties.

**Defendants' Motion for Summary Judgment on the issue of Administrative Remedy Exhaustion (Doc. 84)**

The Court will hold an evidentiary hearing on Defendants' Motion for Summary Judgment (Doc. 84) regarding Plaintiff's exhaustion of administrative remedies on June 3, 2025 at 9:30 a.m. The Clerk of Court is directed to enter a writ to obtain Plaintiff's presence via videoconference.

**Plaintiff's Motion to Compel and/or for Sanctions (Doc. 80)**

Plaintiff contends that the Illinois Department of Corrections ("IDOC") and/or staff at Shawnee Correctional Center ("Shawnee") altered and/or destroyed his grievance records which would otherwise reflect that he exhausted his administrative remedies. The Court surmises from Plaintiff's Motion that he formed the conclusion that his grievance records were altered or destroyed after receiving Defendants' Initial Disclosures. Neither the IDOC nor Shawnee are parties in this matter, and Defendants did not file a Response to this Motion. Within Plaintiff's arguments in the motion, he references documents that were not attached to his Motion but perhaps are attached to Defendants' Motion for Summary Judgment. The issue of potentially altered or destroyed grievances is relevant to the issue of whether Plaintiff exhausted his administrative remedies and therefore the Court will hear argument on Plaintiff's Motion (Doc. 80) at the June 3, 2025 hearing.

**Motion for Status/dispositions (Doc. 88) and Motion for Rulings on Pending Motions (Doc. 91)**

Plaintiff asks that the Court rule on his pending motions. Plaintiff is reminded that it is neither helpful nor advisable for litigants to send motions to the Court that request rulings on other motions. In any event, this Order rules on all pending motions except for Defendants' Motion for Summary Judgment and Plaintiff's Motion to Compel and/or for Sanctions. Docs. 80 and 84.

**Motion for Reconsideration (Doc. 89)**

The Court previously denied Plaintiff's Motion for release from prison into house arrest because of harassment and retaliation by Defendants' co-workers, noting that the injunctive relief he was requesting was not related to the underlying issues in the case. Doc. 75. The Court also denied Plaintiff's request to amend his complaint (Doc. 62), noting that the proposed amended complaint did not contain sufficient allegations against the Defendants named within it. *Id*. Plaintiff asks the Court to reconsider the denial of his Motion for a temporary restraining order and to amend his complaint, but in support of his request for reconsideration he simply restates the allegations that are found in the First Amended Complaint (currently the operative complaint). Doc. 11; Doc. 89. Plaintiff's arguments regarding events that allegedly occurred in August 2023 are not sufficient to show that Plaintiff is entitled to injunctive relief more than two years later, especially considering that he has transferred to a different prison. To the extent that Plaintiff is again asking the Court to allow him to amend his Complaint, he must submit a proposed amended complaint for the Court's consideration. Plaintiff's Motion for Reconsideration (Doc. 89) is DENIED.

**Motion for Reconsideration (Doc. 90)**

Plaintiff asks the Court to reconsider granting summary judgment to Defendant. The Court has not yet ruled on Defendants' Motion for Summary Judgment and therefore the Motion for Reconsideration (Doc. 90) is DENIED.

**Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 92)**

Plaintiff contends that he was transferred from Shawnee Correctional Center in February 2025 to Pinckneyville Correctional Center in retaliation for this lawsuit and another lawsuit pending in the Southern District of Illinois, *Tatum v. Hunter, et al.*, Case No. 22-cv-2411-DWD.

As the Court has previously explained, injunctive relief must be related to the underlying allegations in the lawsuit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Allegations regarding retaliation that occurred in February 2025 are not sufficiently related to the alleged physical and sexual assaults that occurred on August 6, 2023. Plaintiff's Motion (Doc. 92) is DENIED.

**Motion for Copies (Doc. 96)**

Plaintiff contends that he did not receive documents numbered 86, 87, 88, and 95, though "the law library person claims she sent it to me but I never got it." Doc. 96, p. 1. Documents 86-88 were all documents written and filed by Plaintiff. Document 95 was a Response filed by Defendants to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. The Court does not send electronic copies of Defendants' pleadings and therefore the librarian at Pinckneyville would not have sent it to Plaintiff. The Certificate of Service on Defendants' Response reflects that defense counsel mailed the Response to Plaintiff four days before Plaintiff prepared and sent the "Motion for Copies" to the Court. Doc. 95, p. 5; Doc. 96, p. 1, 4. The Court presumes that, by now, Plaintiff has received the Response but if he has not, he should request a copy from defense counsel.

**Motions for Leave to File Second Amended Complaint (Docs. 99 and 100)**

After filing a Motion to Amend his Complaint on March 31, 2025 (Doc. 99), Plaintiff filed another Motion to Amend his Complaint (Doc. 100). The Court will consider the most recent proposed amended complaint and therefore the motion filed on March 31, 2025 (Doc. 99) is therefore DENIED AS MOOT.

Plaintiff's most recent proposed second amended complaint contains allegations regarding the events that occurred on August 6, 2023; many of the allegations are also found in the First

Amended Complaint. Doc. 11; Doc. 100. However, the proposed second amended complaint also alleges that Defendant Galloway, Lieutenant Thomas (not a defendant), and John Doe staff members at Pinckneyville are participating in a civil conspiracy to deny Plaintiff medical treatment for filing lawsuits and grievances; the conspiracy also involves Plaintiff's transfer to Pinckneyville. Doc. 100, pp. 15-17. These allegations belong in a separate lawsuit because they are not sufficiently related to the claims in Plaintiff's First Amended Complaint.[1] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, Plaintiff's Motion to Amend (Doc. 100) is DENIED.

**Motion "to allow exhaustions" or in the alternative to voluntarily dismiss this lawsuit (Doc. 97) and Motion to Supplement the Record (Doc. 101)**

Plaintiff asks the Court to find that he exhausted his administrative remedies via grievance No. K19-01250011 (Docs. 97 and 101), or in the alternative, to voluntarily dismiss this case and refile the lawsuit (Doc. 97). Plaintiff is advised that he may present argument regarding grievance No. K19-01250011 at the June 3, 2025 hearing. To the extent that Plaintiff is seeking relief beyond the opportunity to present argument regarding grievance No. K19-01250011 at the June 3, 2025 hearing, Plaintiff's Motions "to allow exhaustions" and supplement the record (Docs. 97 and 101) are DENIED. Plaintiff is advised that if the Court grants Defendants' Motion for Summary Judgment, the dismissal of any or all claims will be without prejudice.

**Motion for Status of E-files (Doc. 102)**

Plaintiff asks whether any entries were made by the Court from April 1, 2025 to April 23, 2025. This motion is GRANTED to the extent that Plaintiff is advised that the only filings entered in this case during that period were motions filed by Plaintiff.

---

[1] The Court offers no opinion as to whether a new case would survive preliminary review under 28 U.S.C. §1915.

**IT IS SO ORDERED.**

**DATED:   May 16, 2025**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**